1 | LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, (Bar No. 144074)
2 | dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
3 | Woodland Hills, California 91367
Telephone: (818) 347-3333
4 | Facsimile: (818) 347-4118

5 | THE CLAYPOOL LAW FIRM
Brian E. Claypool, Esq. (Bar No. 134674)
6 | becesq@aol.com
1055 East Colorado Boulevard, 5th Floor
7 | Pasadena, California 91106
Telephone: (626) 240-4616
8 | Facsimile: (626) 240-4617

9 |
Attorneys for Plaintiffs
10 |

11 |                    UNITED STATES DISTRICT COURT

12 |                    EASTERN DISTRICT OF CALIFORNIA

13 |
BETH ATKINSON; and KURT                Case No.
14 | BRACKOB,
                                       **COMPLAINT FOR CIVIL RIGHTS
15 |          Plaintiffs,                VIOLATIONS**

16 |     vs.                            **DEMAND FOR JURY TRIAL**

17 | COUNTY OF TULARE; DETECTIVE
WILLIAM SEYMOUR; and DOES 1-
18 | 10, inclusive,

19 |          Defendants.

20 |

21 |
                              **COMPLAINT**
22 |
          Plaintiffs Beth Atkinson and Kurt Brackob for their complaint against
23 |
Defendants County of Tulare, Detective William Seymour, and Does 1-10,
24 |
inclusive, allege as follows:
25 |

26 |

27 |

28 |

COMPLAINT

1

## **INTRODUCTION**

2      1.     This civil rights action seeks compensatory and punitive damages from

3   Defendants for violating various rights under the United States Constitution and

4   state law in connection with the fatal police shooting of Plaintiffs' son, Zachary

5   Atkinson.

6

7

## **PARTIES**

8      2.     At all relevant times, decedent Zachary Atkinson ("Decedent") was a

9   resident of Tulare County, California.

10     3.     Plaintiff BETH ATKINSON ("ATKINSON") sues both in her

11  individual capacity as the mother of Decedent and in a representative capacity as a

12  successor in interest to Decedent.  At all relevant times, ATKINSON was a resident

13  of California and/or Kentucky.  ATKINSON seeks both survival and wrongful death

14  damages under federal and state law.

15     4.     Plaintiff KURT BRACKOB ("BRACKOB") sues both in his individual

16  capacity as the father of Decedent and in a representative capacity as a successor in

17  interest to Decedent.  At all relevant times, BRACKOB was a resident of Michigan.

18     5.     At all relevant times, COUNTY is and was a duly organized public

19  entity, form unknown, existing under the laws of the State of California.  At all

20  relevant times, Defendant THE COUNTY OF TULARE ("COUNTY") was the

21  employer of Defendant DETECTIVE WILLIAM SEYMOUR ("SEYMOUR"),

22  DOES 1 through 5 ("DOE OFFICERS"), who were COUNTY Deputy Sheriffs, and

23  DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial,

24  and policymaking employees of the COUNTY Sheriff's Department.  At all relevant

25  times, SEYMOUR, DOE OFFICERS, and DOE SUPERVISORS were residents of

26  Tulare County, California.  SEYMOUR and DOE OFFICERS are sued in their

27  individual capacity for damages only.

28

1      6.      At all relevant times, Defendants SEYMOUR, DOE OFFICERS, and
2   DOE SUPERVISORS were duly authorized employees and agents of the COUNTY,
3   who were acting under color of law within the course and scope of their respective
4   duties as police officers and with the complete authority and ratification of their
5   principal, Defendant COUNTY.

6      7.      At all relevant times, Defendants SEYMOUR, DOE OFFICERS, and
7   DOE SUPERVISORS were duly appointed officers and/or employees or agents of
8   COUNTY, subject to oversight and supervision by COUNTY's elected and non-
9   elected officials.

10      8.      At all times mentioned herein, each and every defendant was the agent
11   of each and every other defendant and had the legal duty to oversee and supervise
12   the hiring, conduct and employment of each and every defendant herein.

13      9.      The true defendants DOES 1 through 10, inclusive, are unknown to
14   Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs
15   will seek leave to amend this complaint to show the true names and capacities of
16   these defendants when they have been ascertained.  Each of the fictitious named
17   defendants is responsible in some manner for the conduct and liabilities alleged
18   herein.

19      10.      In doing the acts and failing and omitting to act as hereinafter
20   described, Defendants SEYMOUR, DOE OFFICERS, and DOE SUPERVISORS
21   were acting on the implied and actual permission and consent of COUNTY.

22      11.      On November 10, 2008, Plaintiffs filed comprehensive and timely
23   claims for damages with COUNTY pursuant to applicable sections of the California
24   Government Code.

25      12.      On December 25, 2008, COUNTY denied said claims by operation of
26   law.

27

28

-3-

1

## JURISDICTION AND VENUE

2  13. This civil action is brought for the redress of alleged deprivations of
3 constitutional rights as protected by on 42 U.S.C. § 1983, 1985, 1986, 1988, and the
4 Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction
5 is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6  14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because
7 Plaintiffs and Defendants reside in, and all incidents, events, and occurrences giving
8 rise to this action occurred in, the County of Tulare, California.

9

10

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11  15. Plaintiffs repeat and reallege each and every allegation in paragraphs 1
12 through 14 of this Complaint with the same force and effect as if fully set forth
13 herein.

14  16. On or about September 12, 2008, on information and belief Decedent
15 was detained by SEYMOUR and DOE OFFICERS for no reason and without
16 probable cause.

17  17. SEYMOUR battered Decedent, who on information and belief was not
18 resisting or attempting to evade arrest, then shot Decedent in the back multiple
19 times, causing him serious physical injury and killing him.

20  18. Decedent was unarmed and posed no imminent threat of death or
21 serious physical injury to either defendant or the public if the decedent was not
22 immediately apprehended.

23  19. Furthermore, on information and belief, the aforementioned defendants,
24 although having actual and constructive notice and knowledge of Decedent's serious
25 medical conditions, disregarded his medical needs.  As a direct result of Defendants'
26 failure to provide Decedent with appropriate medical care, Decedent died on
27 September 12.

28

-4-

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure (42 U.S.C. § 1983)

(Against Defendants SEYMOUR and DOE OFFICERS)

20.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     Defendants SEYMOUR and DOE OFFICERS attempted to detain Decedent in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22.     SEYMOUR's unjustified shooting of Decedent deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23.     The conduct of SEYMOUR and DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants SEYMOUR and DOES.

24.     Accordingly, Defendants SEYMOUR and DOE OFFICERS each are liable to Plaintiffs for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Medical Care (42 U.S.C. § 1983)

(Against Defendants SEYMOUR and DOE OFFICERS)

25.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     Defendants SEYMOUR and DOE OFFICERS knew that failure to treat Decedent's gunshot wounds could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

27.     Defendants' actions thus deprived Decedent of his right to due process as guaranteed to the Decedent under the Fourteenth Amendment to the United States Constitution.

28.     The conduct of SEYMOUR and DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants SEYMOUR and DOE OFFICERS.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants SEYMOUR and DOE OFFICERS)

29.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from

1    unwarranted state interference in their familial relationship with their father,

2    Decedent.

3        31.    As a result of the excessive force and unjustified shooting by

4    SEYMOUR and DOE OFFICERS, Plaintiffs' son Decedent died.  Plaintiffs were

5    thereby deprived of their constitutional right and familial relationship with their son.

6        32.    Defendants SEYMOUR and DOE OFFICERS, acting under color of

7    state law, thus violated Plaintiffs' Fourteenth and Amendment right to be free from

8    unwarranted interference with their familiar relationship with their son and father,

9    Decedent.

10       33.    Defendants SEYMOUR and DOE OFFICERS acted with deliberate

11   indifference to Plaintiffs' constitutional rights, and with purpose to harm unrelated

12   to any legitimate law enforcement objective.

13       34.    As a direct and proximate cause of the acts of Defendants SEYMOUR

14   and DOE OFFICERS, Plaintiffs suffered extreme and severe mental anguish and

15   pain and have been injured in mind and body.  Plaintiffs have also been deprived of

16   the life-long comfort, support, society, care and sustenance of Decedent, and will

17   continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also

18   claiming funeral and burial expenses and a loss of financial support.

19       35.    The conduct of SEYMOUR and DOE OFFICERS was willful, wanton,

20   malicious and done with an evil motive and intent and a reckless disregard for the

21   rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of

22   exemplary and punitive damages as to Defendants SEYMOUR and DOE

23   OFFICERS.

24       36.    Accordingly, Defendants SEYMOUR and DOE OFFICERS each are

25   liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

26

27

28

-7-

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOE SUPERVISORS)

37.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     On and for some time prior to September 12, 2008 (and continuing to the present date) Defendants COUNTY and DOE SUPERVISORS, deprived Plaintiffs, and deprived Decedent, of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY custom, policy, and practice of:

> (a)     Employing and retaining as police officers and other personnel, including SEYMOUR and DOE OFFICERS, who Defendants COUNTY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating suspects in custody by failing to follow written COUNTY Sheriffs' Department policies;

> (b)     Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputy sheriffs, and other COUNTY personnel, including DOE OFFICERS, who Defendants COUNTY and DOE SUPERVISORS each knew or in the

-8-

1      exercise of reasonable care should have known had the

2      aforementioned propensities and character traits;

3   (c) By maintaining grossly inadequate procedures for reporting,

4      supervising, investigating, reviewing, disciplining and

5      controlling the intentional misconduct by Defendants

6      SEYMOUR AND DOE OFFICERS, who are COUNTY deputy

7      sheriffs;

8   (d) By having and maintaining an unconstitutional custom and

9      practice of using excessive force, including deadly force and

10     detaining and arresting individuals without probable cause.  The

11     custom of practice of using deadly force by COUNTY and DOE

12     SUPERVISORS was done with a deliberate indifference to

13     individuals' safety and rights.

14  39. By reason of the aforementioned policies and practices of Defendants

15 COUNTY and DOE SUPERVISORS, Decedent was severely injured and subjected

16 to pain and suffering until his eventual death, which was also caused by the

17 aforementioned policies and practices.

18  40. Defendants COUNTY and DOE SUPERVISORS, together with

19 various other officials, whether named or unnamed, had either actual or constructive

20 knowledge of the deficient policies, practices and customs alleged in the paragraphs

21 above.  Despite having knowledge as stated above these defendants condoned,

22 tolerated and through actions and inactions thereby ratified such policies.  Said

23 defendants also acted with deliberate indifference to the foreseeable effects and

24 consequences of these policies with respect to the Constitutional rights of Decedent,

25 Plaintiffs, and other individuals similarly situated.

26  41. By perpetrating, sanctioning, tolerating and ratifying the outrageous

27 conduct and other wrongful acts, Defendants COUNTY and DOE SUPERVISORS

28 acted with an intentional, reckless, and callous disregard for the life of Decedent and

1  his constitutional as well as human rights.  Defendants COUNTY and DOE

2  SUPERVISORS and each of their actions were willful, wanton, oppressive,

3  malicious, fraudulent, and extremely offensive and unconscionable to any person of

4  normal sensibilities.

5      42.    Furthermore, the policies, practices and customs implemented and

6  maintained and still tolerated by Defendants COUNTY and DOE SUPERVISORS

7  were affirmatively linked to and were a significantly influential force behind the

8  injuries and eventual death of Decedent.

9      43.    By reason of the aforementioned acts and omissions of Defendants

10  COUNTY and DOE SUPERVISORS, Plaintiffs were caused to incur funeral and

11  related burial expenses, and loss of financial support.

12      44.    By reason of the aforementioned acts and omissions of Defendants

13  COUNTY and DOE SUPERVISORS, Plaintiffs have suffered loss of love,

14  affection, consortium and future support.

15      45.    Accordingly, Defendants COUNTY and DOE SUPERVISORS each

16  are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

17

18              **FIFTH CLAIM FOR RELIEF**

19      **Negligence (Cal. Govt. Code § 820 and California Common Law)**

20              (Against All Defendants)

21      46.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

22  through 45 of this Complaint with the same force and effect as if fully set forth

23  herein.

24      47.    Defendants' actions and in actions toward Decedent were negligent and

25  reckless, including but not limited to:

26              (a)    the failure to properly and adequately assess the need to use

27                      force or deadly force;

28

-10-

1       (b)   the failure to monitor and record any use of force by Tulare

2               County  Police Officers, including DETECTIVE WILLIAM

3               SEYMOUR;

4       (c)   the failure to monitor and record any injuries specifically caused

5               by the use of force by Tulare County police officers, including

6               DETECTIVE WILLIAM SEYMOUR;

7       (d)   the negligent tactics and handling of the situation with the

8               decedent ZACHARY ATKINSON;

9       (e)   the negligent use of  force including deadly force against the

10             decedent ZACHARY ATKINSON;

11      (f)   the failure to properly train and supervise employees, both

12             profession and non-professional, including Detective WILLIAM

13             SEYMOUR;

14      (g)   the failure to ensure that adequate numbers of employees with

15             appropriate education and training were available to meet the

16             needs of and protect the rights of ZACHARY ATKINSON; and

17      (h)   the failure to provide prompt medical care to the decedent after

18             the shooting.

19    48.   As a direct and proximate result of defendants' conduct as alleged

20 above, and other undiscovered negligent conduct ZACHARY ATKINSON was

21 caused to suffer severe pain and suffering from personal injuries received during a

22 brutal unwarranted attack by defendants and ultimately died as a result of the

23 unnecessary use of deadly force and untimely medical attention. The plaintiffs are

24 seeking wrongful death damages and survival damages under this cause of action.

25

26

27

28

-11-

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiffs request entry of judgment in their favor and against

3   Defendants County of Tulare, Detective William Seymour, and Does 1-10,

4   inclusive, as follows:

5           A.      For compensatory damages in the amount to be proven at trial;

6           B.      For punitive damages against Defendant Detective William

7                   Seymour in an amount to be proven at trial;

8           C.      For interest;

9           D.      For reasonable costs of this suit and attorneys' fees; and

10          E.      For such further other relief as the Court may deem just, proper,

11                  and appropriate.

12

13

14   DATED: May 1, 2009                          LAW OFFICES OF DALE K. GALIPO

15

16

17                                        By
                                            Dale K. Galipo
18                                          Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2 Plaintiffs hereby demand a trial by jury.

3

4 DATED: May 1, 2009                            LAW OFFICES OF DALE K. GALIPO

5

6

7                                                                      By
                                                                          Dale K. Galipo
8                                                                        Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-