**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
John R. Whitefleet, SBN 213301
Ashley M. Wisniewski, SBN 264601
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF TULARE, WILLIAM SEYMOUR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH ATKINSON and KURT BRACKOB, | Case No. 1:09-CV-00789-OWW-DLB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF TULARE; DETECTIVE WILLIAM SEYMOUR; and DOES 1-10, inclusive, | |
| Defendants. | |

Defendants COUNTY OF TULARE and WILLIAM SEYMOUR in good faith believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

1. The Tulare County Juvenile Court records of Zachary Atkinson, including Tulare County Probation Department reports and California Youth Authority reports.

IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record that the documents described herein may be designated as "Confidential" by the COUNTY and produced subject to the following Protective Order:

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1
**STIPULATED PROTECTIVE ORDER**
00852883.WPD

1.  The disclosed documents shall be used solely in connection with the civil cases of *Beth Atkinson, et al. v. County of Tulare, et al.*, Case No. 1:09-CV-00789-OWW-DLB (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial. Any documents submitted in any related litigation that were under seal remain under seal in this action.

2.  A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agree upon by the disclosing and requesting parties.

3.  Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

    (a)  Dale K. Galipo and Brian E. Claypool, and associate attorneys in the offices of each, as counsel for Plaintiffs BETH ATKINSON and KURT BRACKOB in the case enumerated above.

    (b)  Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

    (c)  Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    (d)  Any expert, consultant or investigator retained in connection with this action;

    (e)  The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel; and,

    (f)  Witnesses during their depositions in this action.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00852883.WPD

     4.    Prior to the disclosure of any Confidential information to any person identified in paragraph 3 and it subparts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms.  Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt.  Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  Plaintiffs shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  The COUNTY may request the identities of said individual upon the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the terms of the Stipulated Protective Order.

     5.    All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or information:

> This envelope is sealed pursuant to the order of the Court and contains Confidential information filed in this case by [name of party] and is not to be opened nor the contend thereof displayed or revealed except by order of the Court.

     6.    The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

     7.    A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00852883.WPD

1  Stipulated Protective Order.  The producing party shall have the burden of establishing the
2  propriety of the "Confidential" designation.  A party shall not be obligated to challenge the
3  propriety of a confidentiality designation at the time made and a failure to do so shall not
4  preclude a subsequent challenge thereto.
5        8.      Copies of Confidential Documents
6      The following procedures shall be utilized by the parties in production of documents
7  and materials designated as "Confidential":
8        (a)     Plaintiffs' counsel shall receive one copy of the Confidential documents
9  at no charge to Plaintiffs.
10       (b)     Plaintiffs' counsel shall not copy, duplicate, furnish, disclose, or
11 otherwise divulge any information contained in the confidential documents to any source,
12 except those persons identified in Paragraph 3 herein, without further order of the Court or
13 authorization from counsel for the County of Tulare and William Seymour.
14       (c)     If Plaintiffs in good faith require additional copies of documents marked
15 "Confidential" in preparation of their case, they shall make a further request to counsel for
16 the County and Seymour.  Upon agreement with counsel for the County and Seymour, copies
17 will be produced in a timely manner to Plaintiffs, pursuant to the procedures of this
18 Stipulated Protective Order.  Agreement shall not be unreasonably withheld by counsel for
19 the County and Seymour.
20       (d)     Plaintiffs shall be billed for any additional copying of the Confidential
21 documents beyond the first copy at the County's cost.
22       (e)     Defendants shall produce documents and material marked
23 "Confidential" to Plaintiffs.
24       (f)     If any document or information designated as confidential pursuant to
25 this Stipulated Protective Order is used or disclosed during the course of a deposition, that
26 portion of the deposition record reflecting such material shall be stamped with the
27 appropriate designation and access shall be limited pursuant to the terms of this Stipulated
28 Protective Order.  The Court reporter for the deposition shall mark the deposition transcript

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

4
**STIPULATED PROTECTIVE ORDER**
00852883.WPD

1  cover page and all appropriate pages or exhibits and each copy thereof, in accordance with
2  paragraph 5 of this Stipulated Protective Order.  Only individuals who are authorized by this
3  Protective Order to see or receive such material may be present during the discussion or
4  disclosure of such material.

5  9.  Notwithstanding the provisions of Paragraph 3, confidential information
6  produced pursuant to this Protective Order may not be delivered, exhibited or otherwise
7  disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine
8  or other media organization, including but not limited to radio and television media.

9  10.  Should any information designated confidential be disclosed, through
10 inadvertence or otherwise, to any person not authorized to receive it under this Protective
11 Order, the disclosing person(s) shall promptly (a) inform the County of the recipient(s) and
12 the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b)
13 use best efforts to bind the recipient(s) to the terms of this Protective Order.  No information
14 shall lose its confidential status because it was inadvertently or unintentionally disclosed to
15 a person not authorized to receive it under this Protective Order.

16 11.  After the conclusion of this litigation, all documents and materials, in whatever
17 form stored or reproduced containing confidential information will remain confidential, and
18 if filed with the Court shall remain under seal.  All documents and materials produced to
19 Plaintiffs pursuant to this Stipulated Protective Order shall be returned to counsel for the
20 County in a manner in which counsel will be able to reasonably verify that all documents
21 were returned.  All parties all agree to ensure that all persons to whom confidential
22 documents or materials were disclosed shall be returned to counsel for the County.
23 "Conclusion" of this litigation means a termination of the case following a trial or settlement.

24 12.  No later than 30 days after settlement or of receiving notice of the entry of an
25 order, judgment, or decree terminating this action, all persons having received the
26 confidential documents shall return said documents to counsel for the County.

27 13.  If any party appeals a jury verdict or order terminating the case, counsel for the
28 County shall maintain control of all copies of confidential documents.  If following an appeal

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

5
**STIPULATED PROTECTIVE ORDER**
00852883.WPD

1  the district court reopens the case for further proceedings, the documents shall be returned
2  to counsel for Plaintiffs.

3      14.    This Stipulated Protective Order shall remain in full force and effect and shall
4  continue to be binding on all parties and affected persons after this litigation terminates,
5  subject to any subsequent modifications of this Stipulated Protective Order for good cause
6  shown by this Court or any Court having jurisdiction over an appeal of this action. After this
7  action terminates, any party may seek to modify or dissolve this Stipulated Protective Order
8  by Court order for good cause shown or by the stipulation of the parties.

9      15.    The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to
10 make such amendments, modifications and additions to this Protective Order as it may from
11 time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute
12 respecting the improper use or disclosure of confidential material.

14 DATED: December 28, 2010        LAW OFFICES OF DALE GALIPO

16         By /s/ John C. Fattahi
17         John C. Fattahi
        Dale K. Galipo
        Attorneys for Plaintiff
18         KURT BRACKOB
        (As Authorized on December 23, 2010)

20
21 DATED: December 28, 2010        THE CLAYPOOL LAW FIRM

23         By /s/ Brian E. Claypool
        Brian E. Claypool
        Attorney for Plaintiff
24         BETH ATKINSON
        (As Authorized on December 27, 2010)

6
STIPULATED PROTECTIVE ORDER

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00852883.WPD

1   Dated:December 28, 2010          PORTER SCOTT
2                                    A PROFESSIONAL CORPORATION
3
4                                    By /s/ Terence J. Cassidy
                                        Terence J. Cassidy
                                        John R. Whitefleet
5                                       Ashley M. Wisniewski
                                        Attorneys for Defendants
6                                       COUNTY OF TULARE,
                                        WILLIAM SEYMOUR
7

8   IT IS SO ORDERED.

9   **Dated:   December 29, 2010**          **/s/ Oliver W. Wanger**
                                            UNITED STATES DISTRICT JUDGE
10

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

7
**STIPULATED PROTECTIVE ORDER**
00852883.WPD